Filed 5/17/23  P. v. Shelton CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079307 |
| v. | (Super.Ct.No. BAF1400693) |
| CODY JAY SHELTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed in part; reversed in part with directions.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2015, defendant and appellant Cody Jay Shelton entered a plea agreement and pled guilty to robbery (Pen. Code,[1] § 211, count 1) and admitted that he had two prior serious felony convictions (§ 667, subd. (a)). In exchange, a trial court sentenced him to a total term of 12 years in state prison, consisting of the low term of two years on count 1, plus five years on each of the prior serious felony enhancements, and it dismissed several other enhancements. At the sentencing hearing, the court awarded 281 days of custody credits.

In 2021, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the superior court pursuant to former section 1170, subdivision (d)(1),[2] recommending that the court recall and resentence defendant since courts became authorized to exercise their discretion to strike prior felony convictions for enhancement purposes or to strike the punishment for the enhancements under section 1385, effective January 1, 2019. Pursuant to the CDCR's request, the court held a hearing on whether to recall defendant's sentence. It recalled the sentence but ultimately decided to impose the same term of 12 years. The court did not recalculate defendant's custody credits.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Effective January 1, 2022, the recall and resentencing provisions of former section 1170, subdivision (d)(1), were moved to section 1170.03 (Stats. 2021, ch. 719, §§ 1-7), which was then renumbered as section 1172.1, effective June 30, 2022 (Stats. 2022, ch. 58, § 9). For the sake of consistency with the parties' briefs, we will refer to the provision as section 1172.1.

On appeal, defendant contends: (1) the trial court erred in failing to strike at least one of the prior serious felony enhancements since dismissal was required under section 1385, subdivision (c)(2)(B); and (2) the matter should be remanded for the court to recalculate his custody credits to reflect his actual time served. The People concede, and we agree, that the matter should be remanded for the court to recalculate defendant's custody credits. Otherwise, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On October 20, 2014, the victim was walking down the street when defendant flagged him down. The victim thought defendant was someone else and approached him. Defendant asked to borrow the victim's cell phone, the victim consented, and then defendant would not give the cell phone back. Defendant also grabbed a skateboard from the victim's hands and went through his backpack and took a belt and two shirts. Defendant made the victim empty his pockets and went through his wallet. The victim was scared. He left and called the police. The responding officers located defendant nearby. Defendant resisted arrest and tried to break free while being handcuffed.

On March 4, 2015, the Riverside County District Attorney's Office filed an information charging defendant with robbery (§ 211), theft (§ 487, subd. (c)), and misdemeanor resisting arrest (§ 148, subd. (a)(1)). The information further alleged two strike priors (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2(A)) and two prior

---

[3] Because defendant pled guilty pursuant to a plea agreement, this brief factual background is based on the statement of facts in the People's opposition to the request for resentencing, which was taken from the preliminary hearing.

3

serious felony convictions (§ 667, subd. (a)), as well as three prison priors (§ 667.5, subd. (b)).

On June 22, 2015, defendant entered into a plea agreement and pled guilty to robbery and admitted the two serious felony priors. In exchange, he received a sentence of 12 years (the low term of two years and consecutive five-year terms on the two serious priors), and the prosecution dismissed the balance of the information. The court awarded 281 days of credit: 245 actual days plus 36 days of conduct credit under section 2933.1.

On May 11 and 12, 2022, the trial court conducted a hearing under section 1172.1 on whether to recall and resentence defendant pursuant to the CDCR's letter. At the outset, the court noted that it had read the parties' briefs and reviewed the attached exhibits showing defendant had four rules violations while incarcerated. Defendant's brief argued that the court should recall his sentence since he did not pose an unreasonable risk of danger to public safety and strike the two serious felony priors. While acknowledging his rules violations, defendant contended that he earned rehabilitative work credits in custody and had post-release support from his family. The People opposed resentencing, arguing that defendant posed an unreasonable risk of danger to public safety. After hearing argument from counsel, the court noted that at the time of the original sentencing, defendant received a "sweetheart deal," as he "was a poster child with three strikes" and "was staring down 35 to life." The court went on to say: "It's too close to the rules violations, and he has not moved quite far enough with the self education. . . ." The hearing was then continued to the next day.

The next day, defense counsel noted that once the court decides a defendant is not likely to commit a super strike (i.e., does not pose a risk of danger), then a defendant is eligible for resentencing and the court must weigh the CDCR's recommendation heavily in favor of resentencing. The court clarified, "[I] now have 1385 discretion as it relates to the nickel priors. But even though there's a presumption for resentencing, it doesn't tell me that I'm obliged to change the sentence." The court then stated it was going to recall and resentence defendant since that was the presumption. The court noted its concern that defendant's last rules violation, which involved violence, was just two years prior. It acknowledged he had "done some great things," including dropping out of a gang in 2015; however, even after that, he was involved in three fights while in custody (i.e., the rules violations). The court considered the circumstances of the current offense and observed that defendant was released on parole and committed the current offense just six months later. As to the prior serious felonies, the court noted it was likely defendant committed one of the offenses close in time to his parole on the other offense.

The court then stated: "At the time of his original sentencing, [defendant] was a poster child for 667(a) treatment. He was. And I would not have exercised my discretion back then under 667(a). Didn't have discretion, but if I did have discretion, wouldn't have exercised it." The court noted defendant had done some good things postconviction, but concluded that "on balance" this was not an extraordinary case since defendant was just doing what was required of him. As to his fights, the court stated, "Too many, too close together, and we're not far enough away from them." It then declined to exercise its discretion under section 1385 to strike the prior serious felony

enhancements and sentenced defendant to two years on count 1, plus five years consecutive on each of the prior serious felony convictions, for a total term of 12 years in state prison.

DISCUSSION

I. <u>Section 1385 Did Not Mandate the Dismissal of One of Defendant's Enhancements</u>

Defendant contends that under the plain language of section 1385, subdivision (c)(2)(B), the dismissal of at least one of his prior serious felony enhancements was mandatory, rather than discretionary. Thus, he claims the court imposed an unauthorized sentence when it failed to dismiss an enhancement as required by section 1385, subdivision (c)(2)(B). We disagree.

A. *Principles of Statutory Interpretation*

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)

6

B. *The Court Retained Discretion to Impose or Dismiss the Enhancements*

Prior to January 1, 2022, section 1385 provided trial courts with discretion to dismiss sentencing enhancements in the interest of justice. The statute did not provide direction as to how courts should exercise that discretion. In October 2021, the Legislature passed and the Governor signed Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) (Stats. 2021, ch. 721, § 1), which, effective January 1, 2022, amended section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements.

Section 1385, subdivision (c), now provides in relevant part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The mitigating circumstance relevant here provides, "Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).)

Defendant argues use of the word "shall" in section 1385, subdivision (c)(2)(B), required the trial court to dismiss all but one of his sentencing enhancements, and the court erred in failing to do so. If we were to read section 1385, subdivision (c)(2)(B), in

7

isolation, then defendant's argument would appear to be correct. However, "we are not permitted to pluck this phrase [all enhancements beyond a single enhancement shall be dismissed] out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the ' " 'context of the statute as a whole.' " ' " (*People v. Walker* (2022) 86 Cal.App.5th 386, 396, review granted Mar. 22, 2023, S278309 (*Walker*).)

The statement that a court "shall" dismiss certain enhancements appears as a subpart to the general provision that a "court shall dismiss an enhancement *if* it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1), italics added.) In other words, "the phrase 'all enhancements beyond a single enhancement shall be dismissed' in subdivision (c)(2)(B) does not obligate trial courts to automatically dismiss all but one enhancement whenever a jury finds multiple enhancements to be true." (*Walker*, *supra*, 86 Cal.App.5th at p. 396.) The dismissal of the enhancement is conditioned on a court's finding that dismissal is in the interest of justice. (§ 1385, subd. (c)(1).) "The nature of this condition is further explained by the Legislature's directive that the court, while 'exercising its discretion under this subdivision, . . . shall consider and afford great weight' to evidence of certain factors, and proof of one of the factors 'weighs greatly' in favor of dismissal 'unless' the court finds dismissal would endanger public safety." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239, review granted Apr. 19, 2023, S278786 (*Anderson*); see § 1385, subd. (c)(2).) The language of section 1385, subdivision (c)(1) and (c)(2), "taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances

8

weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Anderson*, at p. 239.)

Further, it is within this context that section 1385 states the court "shall" dismiss all but one enhancement. (§ 1385, subd. (c)(2)(B).) In other words, the dismissal *shall* occur only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety. (§ 1385, subd. (c)(1) & (c)(2).) As explained by the Second District in *Walker*, if we were to read section 1385, subdivision (c)(2)(B), as mandatory, then the existence of those factors "would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*. But that is not what the statute says, and we are not allowed to rewrite the statute." (*Walker*, *supra*, 86 Cal.App.5th at p. 397.)

Furthermore, the legislative history of Senate Bill 81 supports the interpretation that dismissal of the enhancements is not mandatory. The court in *Anderson* explains in detail the legislative history, which we find unnecessary to repeat here. (See *Anderson*, *supra*, 88 Cal.App.5th at pp. 240-241.) In sum, the Legislature removed the presumption in favor of dismissal that was in the initial draft of the bill, and instead explicitly stated the court had discretion to dismiss enhancements. (*Id.* at p. 241.) "[A]lso the author of Senate Bill 81 anticipated the precise argument [defendant] raises—that the word 'shall' in section 1385, subdivision (c)(2)(B) . . . could be misconstrued as a mandate to automatically dismiss applicable enhancement[]." (*Ibid.*) The author thus submitted a letter to the Secretary of the Senate unambiguously rejecting this interpretation and asked for the letter to be placed in the official record, with the unanimous consent of her

colleagues.  (*Id*. at p. 240.)  "The author's unambiguous rejection of this interpretation . . . supports our conclusion that a trial court is not required to dismiss all but one enhancement . . . but rather that the trial court has discretion in deciding whether to do so."  (*Id*. at p. 241.)

Ultimately, we agree with the Second District's conclusion, as follows:  "[T]he text and purpose of section 1385 in general, and Senate Bill No. 81 in particular, as well as the canons of statutory construction, counsel in favor of concluding that the phrase 'all enhancements beyond a single enhancement shall be dismissed' in subdivision (c)(2)(B) does not obligate trial courts to automatically dismiss all but one enhancement whenever a jury finds multiple enhancements to be true."  (*Walker*, *supra*, 86 Cal.App.5th at p. 396.)  We recently reached a similar conclusion with regard to section 1385, subdivision (c)(2)(C).  (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296 ["The 'shall be dismissed' language in section 1385(c)(2)(C), like the language of all of the listed mitigating circumstances, applies only if the court does *not* find that dismissal of the enhancement would endanger public safety"].)  In so concluding, we took note that *Walker*, *Anderson*, and *People v. Lipscomb* (2022) 87 Cal.App.5th 9 (*Lipscomb*), "All . . . hold that dismissal is not always required when a mitigating factor that contains 'shall be dismissed' language applies."  (*Mendoza*, at p. 297; see *Lipscomb*, at pp. 17-18 [with regard to § 1385, subd. (c)(2)(C), dismissal is not always required when mitigating factor contains "shall be dismissed" language].)  Therefore, we hold that, contrary to defendant's claim, the court was not "statutorily obligated" under section 1385, subdivision (c)(2)(B), to dismiss one of his prior serious felony enhancements.  The court

10

had discretion to dismiss one of defendant's serious prior felony convictions if it determined that it was in the interest of justice for it to do so. The court carefully exercised that discretion recounting many facts related to the defendant's prior record, the current offense, and defendant's post-conviction conduct. We see no abuse of that discretion.

## II.  The Matter Should Be Remanded for a Recalculation of Custody Credits

Defendant asserts, and the People concede, that the trial court failed to recalculate and update his custody credits to reflect his actual time served. We agree. The matter should be remanded to permit the trial court to recalculate defendant's custody credits for time served, and the abstract must be amended to reflect the updated credits. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

## DISPOSITION

The matter is remanded for the trial court to recalculate and update defendant's custody credits. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J

I concur:


CODRINGTON _____
        Acting P. J.


11

[*People v. Cody Jay Shelton*, E079307]

MENETREZ, J., Dissenting.

Subdivision (c)(2) of Penal Code section 1385 lists nine "mitigating circumstances" that a sentencing court must "consider and afford great weight" in determining whether to dismiss an enhancement. (Unlabeled statutory references are to the Penal Code.) For two of those mitigating circumstances, the statute provides that the relevant enhancements "shall be dismissed." (§ 1385, subd. (c)(2)(B) & (C).) No such "shall be dismissed" language accompanies the other seven mitigating circumstances. (§ 1385, subd. (c)(2)(A), (D), & (I).)

The "shall be dismissed" language in those two mitigating circumstances distinguishes them from the other seven, and it must mean something. In my view, "shall" means "shall." I consequently agree with the interpretation of section 1385 described in *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297, footnote 6: Unless dismissal would endanger public safety, dismissal is mandatory if either subdivision (c)(2)(B) or subdivision (c)(2)(C) of section 1385 applies.

The trial court did not find that dismissal would endanger public safety, and it is undisputed that subdivision (c)(2)(B) of section 1385 applies, because multiple enhancements were admitted. It therefore appears that the trial court prejudicially erred by declining to dismiss "all enhancements beyond a single enhancement." (§ 1385, subd. (c)(2)(B).)

1

However, nothing in the record affirmatively indicates that the trial court actually considered the recent amendments to subdivision (c) of section 1385.  Accordingly, I would vacate defendant's sentence and remand for resentencing, so that the trial court can address the issue in the first instance and, if the court is inclined to dismiss any enhancements, the parties and the trial court can then reevaluate their consent to the plea agreement under *People v. Stamps* (2020) 9 Cal.5th 685, 707-708.  I therefore respectfully dissent.

MENETREZ          <br>J.